UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNIQUE SYSTEM LLC | * | CIVIL ACTION NO. 16-9679 |
| | * | |
| VERSUS | * | SECTION "____", MAG. _____ |
| | * | |
| M/V SWORDFISH, her engines, tackle, apparel, etc., *in rem*, HARKAND GULF SERVICES L.L.C. and ETHOS OFFSHORE US LLC | * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFIED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, complainant, Unique System LLC ("Unique"), for its Verified Complaint against defendants, the M/V SWORDFISH, *in rem*, Harkand Gulf Services L.L.C. ("Harkand") and Ethos Offshore US LLC ("Ethos"), and stating an admiralty and maritime claim within the meaning of Rule 9(h) and Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure, on information and belief, respectfully shows:

I.

Complainant, Unique, is a Louisiana Limited Liability Company, having its principal place of business in Iberia Parish, Louisiana, which at all times relevant, provided equipment, services and other vessel necessaries to the M/V SWORDFISH (ex-SIEM SWORDFISH), its owners, operators and/or charterers.

II.

On information and belief, defendant, the M/V SWORDFISH, *in*

1

*rem* (at times, the "Vessel"), is a foreign flagged vessel, registered in the Republic of the Marshall Islands, owned and operated by one or more entities organized under the laws of a State other than Louisiana and/or a country other than the United States, and which Vessel was, at all times relevant, engaged in maritime commerce in the waters of the United States and/or the U.S. Gulf of Mexico.

III.

On information and belief, defendant, Harkand Gulf Services L.L.C., is a Limited Liability Company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas. On information and belief, at all times relevant, defendant was the charterer, owner *pro hac vice* and/or managing agent of the *in rem* defendant herein, the M/V SWORDFISH.

IV.

Defendant, Ethos Offshore US LLC, is a Limited Liability Company organized and existing under the laws of the State of Texas, with its principal place of business in the State of Texas. On information and belief, at a point in time after Unique provided equipment and services and performed the contractual obligations for Harkand completely and fully, Ethos Offshore US LLC purchased the stock, all assets and liabilities of Harkand Gulf Services L.L.C., became and is the successor in

interest of Harkand Gulf Services L.L.C.

V.

This is an admiralty and maritime claim within the meaning of Rule 9(h) and Supplemental Rule C of the Federal Rules of Civil Procedure. Jurisdiction is based on 28 U.S.C. §1333. Jurisdiction is also based on diversity of citizenship under 28 U.S.C. §1332 as the controversy is between citizens of different states and the amount in controversy exceeds $75,000.00.

VI.

Pursuant to a Subcontractor Agreement, attached hereto as Exhibit "I", between Harkand Gulf Services L.L.C. and Unique System LLC dated 5 June 2014, Unique agreed to provide equipment and services to and for Harkand's account as respects the upgrade of the M/V SWORDFISH saturation diving system and appurtenances thereto on the M/V SWORDFISH and for which Harkand agreed to pay Unique for the equipment and services provided. Unique provided the equipment and performed the services it was contractually obligated to provide, completely and fully. Post completion of the referenced upgrade of the M/V SWORDFISH saturation diving system, Harkand returned the M/V SWORDFISH to service to pursue Harkand's commercial saturation diving operations, which operations could not have been done or performed without the equipment and services provided and performed by Unique. Harkand

has failed to pay Unique for the equipment and services provided under the Subcontractor Agreement.

VII.

Pursuant to the above referenced Subcontractor Agreement, Unique, on order and instruction of Harkand, as charterer, owner *pro hac vice* and/or managing agent of the M/V SWORDFISH, provided equipment, services and other vessel necessities essential to and necessary for commercial saturation diving operations to be conducted on and from the M/V SWORDFISH and the accomplishment of the Vessel's mission.  The equipment, services and other vessel necessaries provided by Unique on the order and instruction of Harkand were performed in a good and workmanlike fashion. Unique's invoices for the equipment and services performed in respect of the work referenced herein totaling $1,482,969.80, submitted to Harkand for payment, remain outstanding and unpaid, are:

- A. Unique Invoice No. PRJ1001333_US dated 1 November 2015 in the amount of $38,500.00 (attached as Exhibit "A");
- B. Unique Invoice No. PRJ1001362_US dated 11 November 2015 in the amount of $34,000.00 (attached as Exhibit "B");
- C. Unique Invoice No. PRJ1001389_US dated 30 November 2015 in the amount of $2,643.00 (attached as Exhibit "C");
- D. Unique Invoice No. PRJ1001393_US dated 30 November 2015 in the amount of $1,600.00 (attached as Exhibit "D");

E.  Unique Invoice No. PRJ1001430_US dated 18 December 2015 in the amount of $294,803.12 (attached as Exhibit "E");

F.  Unique Invoice No. PRJ1001456_US dated 31 December 2015 in the amount of $30,060.16 (attached as Exhibit "F");

G.  Unique Invoice No. PRJ1001457_US dated 31 December 2015 in the amount of $13,752.11 (attached as Exhibit "G");

H.  Unique Invoice No. PRJ1001458_US dated 31 December 2015 in the amount of $109,965.31 (attached as Exhibit "H");

I.  Unique Invoice No. PRJ1001459_US dated 31 December 2015 in the amount of $46,724.63 (attached as Exhibit "I");

J.  Unique Invoice No. PRJ1001460_US dated 31 December 2015 in the amount of $8,165.27 (attached as Exhibit "J");

K.  Unique Invoice No. PRJ1001461_US dated 31 December 2015 in the amount of $80,095.20 (attached as Exhibit "K");

L.  Unique Invoice No. PRJ1001462_US dated 31 December 2015 in the amount of $1,283.41 (attached as Exhibit "L");

M.  Unique Invoice No. PRJ1001463_US dated 31 December 2015 in the amount of $26,786.17 (attached as Exhibit "M");

N.  Unique Invoice No. PRJ1001480_US dated 31 December 2015 in the amount of $30,000.00 (attached as Exhibit "N");

O.  Unique Invoice No. PRJ1001597_US dated 17 February 2016 in the amount of $5,211.84 (attached as Exhibit "O");

P.  Unique Invoice No. PRJ1001661_US dated 29 February 2016 in the amount of $12,944.23 (attached as Exhibit "P");

Q. Unique Invoice No. PRJ1001662_US dated 29 February 2016 in the amount of $99,129.77 (attached as Exhibit "Q");

R. Unique Invoice No. PRJ1001663_US dated 29 February 2016 in the amount of $98,414.62 (attached as Exhibit "R");

S. Unique Invoice No. PRJ1001664_US dated 29 February 2016 in the amount of $132,643.00 (attached as Exhibit "S");

T. Unique Invoice No. PRJ1001665_US dated 29 February 2016 in the amount of $67,621.40 (attached as Exhibit "T");

U. Unique Invoice No. PRJ1001729_US dated 31 March 2016 in the amount of $287.50 (attached as Exhibit "U");

V. Unique Invoice No. PRJ1001759_US dated 27 April 2016 in the amount of $3,474.15 (attached as Exhibit "V");

W. Unique Invoice No. PRJ1001766_US dated 27 April 2016 in the amount of $294,865.00 (attached as Exhibit "W");

X. Unique Interest Invoice No. PRJ1001772_US dated 26 April 2016 in the amount of $42,541.48 (attached as Exhibit "X");

Y. Unique Interest Invoice No. PRJ1001873_US dated 31 May 2016 in the amount of $22,882.67 (attached as Exhibit "Y"). The interest incurred as a result of Harkand Gulf Services LLC's failure to pay the invoices, which continues to accrue;

VIII.

Pursuant to United States Federal maritime law, Unique has a

maritime lien on the M/V SWORDFISH for the entire amount owed by Harkand to Unique for equipment, services and other vessel necessaries provided to the M/V SWORDFISH in the total principal amount of $1,482,969.80 or such other amount as will be proven at trial. In addition thereto, interest has accrued at the contractual rate of one and one half (1 1/2) percent per month on sums past due until paid. As of 31 May 2016, the interest, which continues to accrue, totals $65,424.15.

IX.

Further, Harkand contracted with Unique for Unique to provide equipment and services in the design, fabrication, installation and testing of a Hyperbaric Rescue Facility (HRF) for use and in support of Harkand's saturation diving operations to be conducted in Trinidad. A fully operational HRF was a pre-requisite of Harkand's customer to allow saturation diving operations to be conducted by/from the Harkand provided DSV DA VINCI, all for Harkand's account. Unique provided the equipment and performed the services it was contractually obligated to provide as respects the HRF and its appurtenances, completely and fully, in a good and workmanlike fashion. Harkand has not paid Unique for the equipment and services provided.

X.

On information and belief, Harkand caused the HRF and appurtenances thereto to be secreted and transported from the point of installation in Trinidad to Aberdeen, Scotland on

Harkand's instruction and for Harkand's account.

XI.

Pursuant to the above referenced Subcontractor Agreement, Unique, on order and instruction of Harkand, provided equipment and services in the design, fabrication, installation and testing of the HRF. The equipment and services provided by Unique on the order and instruction of Harkand were performed in a good and workmanlike fashion. Unique's invoices for the equipment and services performed in respect of the work referenced herein totaling $400,293.12 and $48,481.77 in interest, which continues to accrue, submitted to Harkand for payment, remain outstanding and unpaid, are:

 A. Unique Invoice No. 107937 dated 31 August 2015 in the amount of $325,962.00 (attached as Exhibit "AA");

 B. Unique Invoice No. 107986 dated 28 September 2015 in the amount of $18,550.00 (attached as Exhibit "BB");

 C. Unique Invoice No. 108082 dated 28 October 2015 in the amount of $55,781.12 (attached as Exhibit "CC");

 D. Unique Interest Invoice No. PRJ1001790_US dated 27 April 2016 in the amount of $41,849.63 (attached as Exhibit "DD");

 E. Unique Interest Invoice No. PRJ1001871_US dated 31 May 2016 in the amount of $6,632.14 (attached as Exhibit "EE"). The interest incurred as a result of Harkand

Gulf Services LLC's failure to pay the invoices, which continues to accrue.

XII.

Further, Harkand contracted for Unique to provide materials, repairs, services and/or other work regarding certain of Harkand's equipment, Harkand SS 02 Hyperbaric Rescue Capsule, Serial # SB 818273, delivered 18 August 2015; Harkand Chamber Van with Dive Control, Serial # GBAI 00307317, delivered 20 November 2015; Harkand Launch & Recovery System, Serial # P 7086-03, delivered 20 November 2015; Harkand Machinery Van, Serial #CWT 13506, delivered 23 November 2015; Harkand Class II Bell, Serial # P 7086-01, delivered 23 November 2015; Harkand Class II Bell, Serial # P 70860-02, delivered 23 November 2015; Harkand Chamber Van, Serial #GLDU 9840220, delivered 24 November 2015; and Harkand Launch & Recovery System, Serial # P 7086-04, delivered 24 November 2015.  Unique provided the requested materials, repairs, services and/or other work it was contractually obligated to provide, completely and fully, in a good and workmanlike fashion.  Harkand has not paid Unique for the services provided.  The Harkand equipment is presently at Unique's facility in New Iberia, Louisiana.

XIII.

Pursuant to the above referenced Subcontractor Agreement, Unique, on order and instruction of Harkand, provided work,

material, repairs and/or services regarding the Harkand equipment identified above. The work, material, repairs and/or services provided by Unique on the order and instruction of Harkand were performed in a good and workmanlike fashion. Unique's invoices for the work, material, repairs and/or services in respect of the work referenced herein totaling $44,707.54, and $670.61 in interest, which continues to accrue, submitted to Harkand for payment, remain outstanding and unpaid, are:

    A.    Unique Invoice No. PRJ1001758_US dated 26 April 2016 in the amount of $44,707.54 (attached as Exhibit "AAA");

    B.    Unique Interest Invoice PRJ1001872_US dated 31 May 2016 in the amount of $670.61 (attached as Exhibit "BBB"). The interest incurred as a result of Harkand Gulf Services LLC's failure to pay the invoices, which continues to accrue;

XIV.

Despite amicable demand, the amounts referred to above remain unpaid and Harkand and/or its successor interests, Ethos, are indebted to Unique for the full collective principal amount set forth herein.

XV.

On information and belief, the M/V SWORDFISH, though believed to be in foreign waters presently, will be, during the pendency of this action, on the navigable waters of the United

States within the jurisdiction of this Honorable Court and is subject to arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, to enforce Unique's maritime lien on the Vessel.

XVI.

All and singular, the foregoing is true and correct and within the admiralty and maritime jurisdiction of this Honorable Court.

XVII.

Complainant, Unique, reserves the right to supplement and amend its Verified Complaint as necessary and appropriate through the discovery of additional information relevant hereto.

WHEREFORE, complainant, Unique System LLC, prays:

1.  That process issue from this Honorable Court in proper form instructing the U.S. Marshal for this District to issue and effect a warrant for arrest of the M/V SWORDFISH, *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;
2.  That the U.S. Marshal for this District arrest the said Vessel and maintain custody over the Vessel until such time as claimant thereto posts security sufficient in form and amount to secure complainant's claims herein;
3.  That those claiming an interest in the said Vessel be

    required to file a claim to the said Vessel and answer, all and singular, the allegations of this Verified Complaint;

4. That after due proceedings be had, judgment be entered herein in favor of complainant and against defendants, Harkand Gulf Services L.L.C. and/or Ethos Offshore US LLC, in the amount of $1,927,970.40, plus accrued invoice specified interest which totals $114,576.53 as of 31 May 2016 and continues to accrue, costs, attorneys' fees and all such other sums to which plaintiff is entitled;

5. That after further proceedings be had, judgment be entered herein in favor of the complainant and against the M/V SWORDFISH, *in rem*, in the amount of $1,482,969.80, plus accrued invoice specified interest which totals $65,424.15 as of 31 May 2016 and continues to accrue, costs, attorneys' fees and all such other sums to which complainant is entitled;

6. That after further proceedings, the M/V SWORDFISH be condemned and sold to satisfy the claims asserted herein by complainant, or alternatively, that complainant have satisfaction of its claim out of the security, if any, posted to secure the Vessel's release; and

7. For all such other and further relief that justice and the nature of this case will allow.

Respectfully submitted,

KRAFT LEGÉ LLC

BY: _____
Ralph E. Kraft, LBN 7918
Bryan E. Legé, LBN 26378
600 Jefferson Street, Suite 410
Lafayette, LA 70501
(337) 706-1818
(337) 706-1828 Telefax
Attorneys for Unique System LLC

**PLEASE WITHHOLD ISSUANCE OF A WARRANT FOR THE ARREST OF THE M/V SWORDFISH PENDING FURTHER INSTRUCTIONS**